UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Shandrece Ussery | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:20-cv-189 |
| | § | |
| | § | |
| | § | |
| ProCollect, Inc. | § | |
| | § | |

Plaintiff's Original Complaint

_____

## Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. When a consumer disputes a debt a debt collector is required to update its reporting to reflect that dispute. A failure to update the reporting misstates the character of the debt in violation of 15 U.S.C. § 1692e(2)(A) and is itself a violation of the FDCPA 15 U.S.C. §§ 1692e(8) and e(10).

3. Plaintiff files this action for Defendant's violation of the FDCPA and seeks actual damages, statutory damages, attorney's fees, and costs.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

7. Plaintiff, Shandrece Ussery, is a natural person who resides in and has resided in Seguin, Guadalupe County, Texas at all times relevant to this action.

8. Defendant, ProCollect, Inc., is a Texas corporation whose mailing address is 12170 Abrams Rd, Ste 100 Dallas, Texas 75243. It may be served with process via its registered agent John W. Bowditch at 8150 N. Central Expy Suite 500 Dallas, Tx 75206.

9. ProCollect is a third party debt collector and maintains a third party debt collection bond (No. 69813436) on file with the Texas Secretary of State.

## Facts

10. ProCollect regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for

personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

11. The principal purpose of ProCollect is the collection of such debts.

12. The Debt is a defaulted debt that was used for personal, family, and household purposes (the "Debt").

13. On or about June 2018 while visiting Houston a thief broke into Ussery's car.

14. While her car was not tampered with, the thief left with something more valuable than the contents of the car.

15. The thief left with Ussery's expired State of Texas identification card and, based on the state of her belongings, photos of Ussery's birth certificate and social security card.

16. Unknown to her, the thief used Ussery's identity to lease an apartment in Houston.

17. The identity thief resided in the apartment but did not keep up with the rent and was eventually evicted.

18. The apartment complex sent the past due account to collections.

19. Ussery learned her identity was stolen when searching for an apartment for lease in San Antonio. She could not qualify because a broken lease was reported on her credit report. She had never before leased an apartment and could not have broken a lease.

20. On September 13, 2019 she made a police report to the Houston Police Department.

21. A week later she drove to Houston and purchased a copy of her police report.

22. In order to start cleaning up the mess the thief made of her credit report, Ussery put together a dispute package including her police report, proof of her residence in Guadalupe County, and other materials substantiating her claim of identity theft.

23. She received her Experian credit report and found two leases taken out by the thief in her name.

24. ProCollect was reporting one of the leases negatively on her credit report.

25. She called ProCollect and told them about what had happened and that the account should not be on her report.

26. In response, ProCollect sent her a letter containing a copy of the lease agreement with the identity thief's forgery of Ussery's signature.

27. She responded to the letter by sending her dispute package via certified mail.

28. The account continued to appear on her report and was not marked disputed.

29. She called ProCollect every week to check the status and was told that her dispute was still "in processing."

30. ProCollect sent Ussery a "cancellation letter" dated December 27, 2019.

31. The account continued to appear on her credit report and was not marked disputed, so in January 2020, Ussery drove to Houston to visit the complex and speak with the manager.

32. After explaining what happened and showing the manager her documentation, the manager told her that she did not look like the person who took out the lease. The manager agreed to recall the account from ProCollect and stop all collection efforts.

33. Following this, Ussery requested a rental history report from Experian.

34. In a report dated January 29, 2020 Experian Rent Bureau continued to report the debt as due an owing. The report does not reflect the account as disputed.

35. According to Experian a report should be updated in 30 days.[1]

36. ProCollect failed to mark Ussery's account as disputed.

37. ProCollect's December 27, 2019 representation that it had requested the account be removed from the credit bureaus was false.

---

[1] https://www.experian.com/blogs/ask-experian/how-long-it-takes-for-0-balance-to-show-in-your-report/

First Cause of Action – Fair Debt Collection Practices Act

38. ProCollect is a debt collector as defined by 15 U.S.C. § 1692a(6).

39. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

40. Ussery is a consumer as defined by 15 U.S.C. § 1692a(3).

41. The December 27, 2019 letter is a communication as defined by 15 U.S.C. § 1692a(2).

42. ProCollect's credit reporting is a communication as defined by 15 U.S.C. § 1692a(2).

43. ProCollect violated the FDCPA in that it:

   a. Misrepresented the character, amount, or status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

   b. Failed to mark a disputed debt as disputed in violation of 15 U.S.C. § 1692e(8); and

   c. Made a false representation in the course of collecting a debt in violation of 15 U.S.C. § 1692e(10).

Second Cause of Action –Texas Finance Code Chapter 392

44. Ussery is a consumer as defined by Tex. Fin. Code § 392.001(1).

45. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

46. ProCollect is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

47. Credit reporting is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

48. ProCollect violated Chapter 392 of the Texas Finance Code in that it failed to cease its reporting and verify the debt upon receipt of Ussery's dispute as required by Section 202.

## Jury Demand

49. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2);

e. Statutory damages per Tex. Fin. Code § 393.403(e); and

f. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: February 18, 2020          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com