IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANDRECE USSERY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5-20-cv-189 |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| *Defendant*. | § | |

## **DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER**

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to Plaintiff's *Complaint* (the "Complaint") filed by Plaintiff Shandrece Ussery ("Plaintiff" or "Palmer") and would show the Court as follows:

### A. ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

#### INTRODUCTION

1. Paragraph 1 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 1 does contain any factual averments, Defendant denies same.

2. Paragraph 2 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 2 does contain any factual averments, Defendant denies same.

3. Defendant admits that Plaintiff filed claims against Defendant as asserted in Paragraph 3, but denies any liability or that Plaintiff has any damages.

## Jurisdiction & Venue

4. Defendant does not contest jurisdiction as alleged in Paragraph 4.

5. Defendant does not contest supplemental jurisdiction as alleged in Paragraph 5.

6. Defendant does not contest venue as alleged in Paragraph 6.

## Parties

7. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8, save the spelling of the name Bowditch.

9. Defendant admits the allegations in Paragraph 9.

## Facts

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 12.

13. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 13.

14. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 14.

15. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 15.

16. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 16.

17. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 17, other than rent and other averments were past due.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 19.

20. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 20.

21. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 21.

22. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 22.

23. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 23.

24. Defendant admits that it acts as a data furnisher to the consumer credit reporting agencies (the "CRAs"), and that it furnished information about the subject Account, however denies the remaining allegations in Paragraph 24 because Defendant does not determine or control what the CRAs report on an individual's credit report.

25. Defendant admits that it received telephone contact from Plaintiff where she disputed the debt; however without more definite information as to date and time of communication, lacks sufficient information to know the truth about the remaining allegations in Paragraph 25.

26. Defendant admits sending the documents referred to in Paragraph 26, but lacks sufficient information to know if it was "in response" to the allegations in Paragraph 25 without a more definite statement.

27. Defendant admits receiving dispute materials from Plaintiff as alleged in Paragraph 27, but lacks sufficient information whether it was sent in response to the allegations in Paragraph 26 or 25.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant admits the allegations in Paragraph 30.

31. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 31.

32. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 32.

33. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 33.

34. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 34.

35. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

<u>FIRST CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT</u>

38. Defendant admits the allegations in Paragraph 38.

39. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant admits the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43, including subsections (a) – (c).

SECOND CAUSE OF ACTION – TEXAS FINANCE CODE CHAPTER 392

44. Defendant denies the allegations in Paragraph 44.

45. Defendant lacks sufficient information to know the truth about the allegations in Paragraph 45.

46. Defendant admits the allegations in Paragraph 46.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

JURY DEMAND

49. Paragraph 49 is without any factual averment(s) to admit or deny.

PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any requests for relief, including subsections (a) - (f).

B. AFFIRMATIVE DEFENSES

AD1. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDPCA and TDCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Defendant did not intentionally violate the FDCPA, and Defendant maintains policies, procedures and practices to prevent the conduct alleged by Plaintiff. Any actions or omissions resulting in the

alleged FDCPA or TDCA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c), and TEX. FINC. CODE § 392.401.

AD2. Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims, due to intervening or superseding causes.

AD3. Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims, due to the actions of third parties.

AD4. As separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations and waiver. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD5. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, TDCA and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD6. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

## PRAYER

Defendant requests a judgment that Plaintiff takes nothing on her claims against Defendant and that Plaintiff's claims against Defendant are dismissed. Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,

By: _____
    JOHN W. BOWDICH
    State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC.

## CERTIFICATE OF SERVICE

On April 17, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, San Antonio Division using the electronic case filing system of the court, thereby providing service to all parties.

William M. Clanton, Esq.                 VIA ECF
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, Texas 78216
ATTORNEYS FOR PLAINTIFF

By:_____
   JOHN W. BOWDICH